MRS. JULIA COMPAGNO  No.

Praying for a concursus.

February 7th, 1921.

MRS. JULIA COMPAGNO

Praying for a Concursus

No.

CHARLES F. CLAIBORNE, JUDGE.

This case was already before us under the No. 7443.

On the rehearing, we reversed and set aside the judgment of the District Court and our own original decree, and remanded the case to be tried and decided in accordance with the legal views expressed in our original opinion.

The case has been tried anew in pursuance of said decree and a judgment rendered on February 20th, 1920.

As in the original decree the claim of George H. Haindell was recognized for $215.00, subject to a credit of $90.00 paid to him by the contractor, Edwin L. Markel, thus reducing the amount allowed him to $125.00.

The opposition of the Carolina Portland Cement Company was dismissed - as it had been in the original judgment.

These two creditors have appealed.

The contention of the surety made defendant herein, the United States Fidelity and Guarantee Company, is as follows: during the time these appellants were furnishing materials to Markel, the contractor, he had several building contracts on hand, for which the appellants were furnishing materials; that in none of these contracts had Markel given security, except in the contract under consideration with Campagno; that Markel had made several payments on account during that time to these materialmen, and that all those payments should have been credited to the Compagno contract as it was the only one accompanied with a surety, and that instead of doing that, Haindell had credited the Mumfrey job which was unsecured.   This argument would have been in accordance with our opinion if the facts contended for were correct.  But it appears that the contract with Compagno was made on March 8th, 1917, and that the Security Company signed the bond on March 12th, 1917.  But the contract and the Bond were recorded in the Mortgage Office only on June 30th, 1917, while the building was completed and accepted on May 18th, 1917. There is nothing to show that Haindell was aware, otherwise than

227

by the recordation of the Bond, that the Compagno contract was secured; and if we could hold that legal knowledge of that fact was given him by the recordation of the Bond, then, at that time, he had already credited the account of Mumfrey, corner of First and Magazine, which was older in date to the Compagno job. Haindell could not have been held to credit a secured account, the existence of which he did not know. The imputation to the debt "which has been the longest due" was in accordance with law. C. C. 2166.

The same rule applies to the claim of the Carolina Portland Cement Company. According to the bill filed by it it appears that it claims the price of thirteen doors $40.75, which were furnished on May 3d. Up to that date the Company had supplied materials to Markel on sundry jobs to the amount of $367.62. The total amount paid to them by Markel, before and after that date, was $346.15. These payments must be imputed to the oldest debt, leaving a balance due to the Company of $21.47.

It is therefore ordered, that the judgment of the District Court, in so far as the appellants herein are concerned, be reversed and set aside, and it is now ordered that the opposition of George H. Haindell be maintained, and that he have judgment against the United States Fidelity and Guaranty Company for Two Hundred and fifteen dollars with five per cent per annum interest from June 7th, 1917 till paid with $2.50 costs of affidavit and recordation, and all costs of court. 11 Ct. App., 165.

It is further ordered that the opposition of the Carolina Portland Cement Company be maintained and that it have judgment against the United States Fidelity and Guaranty Company for Twenty-one 47/100 dollars with five per cent per annum interest from May 3d, 1917 till paid and all costs of suit.

February 7th, 1921.